NO. 07-03-0197-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 13, 2003

_____


IN RE ADAM LOPEZ, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION[1]**

By this original proceeding, relator Adam Lopez, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable J. Blair Cherry, Jr., judge of the 72nd District Court, to act on his petition for expunction of records. Under applicable principles of law, relator's request for writ of mandamus must be denied.

On June 30, 2000, pursuant to the State's motion, the trial court dismissed cause number 98-428290, a charge of escape while under arrest and confined in the Lubbock County Jail, in exchange for relator's guilty plea in cause number 98-427108. Thereafter

_____

[1]Tex. R. App. P. 47.2(a).

on June 19, 2002, relator filed a verified petition to have all records concerning the dismissed cause expunged. By his petition, relator also requested that the matter be set for hearing.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law available. Republican Party v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997). The three requisites to a mandamus are (1) a legal duty to perform a nondiscretionary act; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly filed and pending before a trial court, the act of considering and ruling upon that motion is a ministerial act. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding), citing Eli Lilly and Co. v. Marshall, 829 S.W.2d 157 (Tex. 1992) (orig. proceeding); *see also* Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Also, the trial court has a reasonable time within which to act taking into consideration its docket and other judicial and administrative matters. In re Bates, 65 S.W.3d 133, 134 (Tex.App.–Amarillo 2001, orig. proceeding). The party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to extraordinary relief.

2

*Walker,* 827 S.W.2d at 837; Ex parte Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).

Filed with his petition relator included a certified copy of the trial court's order dismissing cause number 98-428290 and a copy of his petition for expunction of records file-stamped June 19, 2002, in which he requested a hearing be set. Thus, relator has demonstrated that the trial court has a legal duty to act on a properly filed document and that almost one year has lapsed since the document was filed. However, to be entitled to mandamus relief, relator must also show that the petition for expunction was brought to the attention of the trial court and that it refused to act. *See* In re Villarreal, 96 S.W.3d 708, 710 (Tex.App.–Amarillo 2003, orig. proceeding). The limited record before us does not establish that the trial court was aware of relator's petition and that it refused to act. Thus, relator has not shown himself entitled to extraordinary relief.

Accordingly, relator's request for writ of mandamus is denied.

Don H. Reavis
Justice