NO. 12-04-00193-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§


IN RE: ROBERT PAUL STEWART,                §     ORIGINAL PROCEEDING
RELATOR

§





MEMORANDUM OPINION
            Robert Paul Stewart filed a petition for writ of mandamus seeking to compel the trial judge
to rule on his motion for speedy trial. We deny the requested relief.
            A trial judge has a duty to consider and rule on motions within a reasonable time. In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). To invoke this
duty, however, the movant must show that he brought the motion to the trial judge’s attention and
the trial judge failed or refused to rule. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo
2001, orig. proceeding). Moreover, no bright-line rule exists for determining whether a reasonable
time has lapsed. Ex parte Bates, 65 S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding). 
Therefore, what is a reasonable time depends upon the circumstances in each case. Id. 
            In a mandamus proceeding, the burden lies with the relator to provide a record showing that
he is entitled to the relief requested. Id. Therefore, in this proceeding, Stewart was required to
provide a record with his petition that shows (1) a properly filed motion has awaited disposition for
an unreasonable period of time and that (2) he requested a ruling on his motion, but the trial court
has failed or refused to act. Id. Additionally, the record provided must be free of factual questions. 
Id. at 136. 
 
            Along with his mandamus petition, Stewart provided (1) a file-marked copy of a Motion to
Dismiss For Violation of Speedy Trial, (2) a copy of a proposed order on the motion, and (3) a copy
of a letter addressed to the trial judge requesting that the judge rule on his motion to dismiss or
appoint another judge to rule.


 Stewart did not furnish proof of mailing this letter or of receipt by
the trial judge. This record does not show any grounds for our interference with the trial court’s
inherent authority to control its own docket. See id. Accordingly, Stewart’s petition for writ of
mandamus is denied.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(PUBLISH)