**Ex Parte Larry Neal BATES, Relator.**

**No. 07–01–0199–CV.**

Court of Appeals of Texas, Amarillo.

May 15, 2001.

Rehearing Overruled June 14, 2001.

Larry Neal Bates, Beeville, pro se.

Before BOYD, C.J., QUINN and REAVIS, JJ.

QUINN, Justice.

Pending before the court is a petition for writ of mandamus filed by Larry Neal Bates. Bates requests us to order the Hon. Irene Miller, Castro County Judge, to "consider and act upon [his] motion for speedy trial and his motion to dismiss, or alternatively to set hearing for such." The motions, which were allegedly mailed on or around December 13, 2000, pertain to a criminal complaint pending against him in Castro County, Texas.[1] Furthermore, Bates contends that he is entitled to relief because the trial court has unreasonably delayed in addressing them. For the reason which follows, we deny the petition.

*Standard of Review*

Whether to consider and rule upon a motion is not a discretionary act on the part of a trial court. *In re Ramirez,* 994 S.W.2d 682, 683 (Tex.App.—San Antonio 1998, orig. proceeding). Rather, when a motion is properly filed and pending before a trial court, the act of considering

1. Given the existence of the criminal complaint, effort was made to place a hold on Bates. Allegedly, this hold prevents Bates from being released from prison without first being sent to Castro County to face prosecution.

and resolving it is ministerial. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.—San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267 (Tex.App.—Tyler 1993, orig. proceeding)). However, the trial court has a reasonable time within which to perform this ministerial duty. *Id.; Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). And, whether such a period has lapsed is dependent upon the circumstances of each case. *Barnes v. State*, 832 S.W.2d at 426. In other words, no bright-line demarcates the boundaries of a reasonable time period. Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979) (stating three prerequisites to mandamus relief: a legal duty to perform, a demand for performance, and a refusal). So too must the trial court's inherent power to control its own docket be included in the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694–695 (Tex.App.—Amarillo 1998, pet.denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex.App.—Houston [14th Dist.] 1997, no pet.), we may not arbitrarily interfere with it.

■ Finally, the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same. *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992). Thus, Bates has the obligation to provide us with a record showing that a properly filed motion has awaited disposition for an unreasonable period of time.

*Application of Standard*

■ The record at bar reflects that Bates mailed his motions for speedy trial and for dismissal sometime in mid-December of 2000. However, nothing of record illustrates that either motion was received or filed by the court clerk for the Castro County Court. For instance, the copies of the two motions attached to Bates' petition for mandamus lack a file-mark. So they, in and of themselves, do not establish that either the court clerk or the Castro County judge received or filed them. Nor does the allegation that he "mailed" the items suffice given that Bates said nothing about 1) obtaining a return receipt or other documentation illustrating that the items were received, 2) the address to which he purportedly mailed the motions, or 3) the postage affixed to the envelopes. Given the absence of such evidence addressing the last two categories, we cannot apply any version of the mailbox rule to presume the items were sent and received, assuming some version of the rule would conceivably apply had the information been given. *See* Tex.R.Civ.P. 5 (describing the mailbox rule applicable in civil cases). Thus, the nature of the record prevents us from concluding, as a matter of law, that the two motions were properly filed and currently pend before the trial court. And, because we cannot so conclude, we are also prevented from holding that the conditions precedent to the court's duty to act have been performed. *See Safety–Kleen Corp. v. Garcia, supra* (holding that the duty to rule upon a motion is ministerial when the motion is properly filed and pending before a trial court).

Next, assuming Bates had properly filed his motions in December of 2000, nothing of record describes the content of the trial court's docket. Nor does any evidence indicate whether or not another matter exists which takes precedence over the

consideration of Bates' motions or otherwise interferes with the trial court's opportunity to address them. Instead, we merely have before us 1) the allegation that the motions were sent in December of 2000, 2) a letter drafted by Bates and dated March 22, 2001 through which he requests the court to act upon the motions, and 3) the proposition that he is suffering some type of detriment because the motions have not been resolved.[2] As to the latter contention, Bates does assert that the delay prevents him from enjoying privileges accorded other prisoners. And, the assertion is founded upon the premise that those operating the prison cannot bestow trusty status and the like upon inmates against whom there pends other criminal charges. However, we are cited to no authority (statutory or otherwise) which suggests in any way that a prisoner must or may be denied privileges when other crimes pend against him. Nor is there anything of record suggesting that Bates sought such privileges but was denied same because of the Castro County complaint. Indeed, the proposition is utterly bereft of all factual and legal support; it consists of nothing more than unsupported conclusion. Given this, it is not probative.

As to the passage of time, it may well be that the lapse of *extended* periods of time could alone be sufficient to establish the unreasonableness of a court's delay. However, we cannot say that the periods encompassed at bar fall within that realm. While the motions may have been filed in December of 2000 (again assuming they were actually received by the court or its clerk shortly after their supposed delivery), Bates did not endeavor to bring them to the trial court's direct attention and request a hearing until sometime after March 22, 2001. Additionally, little more than seven weeks has expired since then. Without evidence of the trial court's overt refusal to entertain them (which evidence is absent here), *see Stoner v. Massey, supra* (stating that mandamus cannot issue until there has been a demand upon the court for performance followed by refusal), we cannot hold as a matter of law that the passage of seven weeks constitutes a *per se* unreasonable time period. Nor can we say that one can presume or infer from the mere passage of seven weeks that the trial court has refused to act upon the motions.

 In short, we acknowledge that a trial court has the duty to address and resolve motions within a reasonable time. However, what constitutes a reasonable time is not determined by the whim or desire of the movant. Rather, the burden lies with the movant to provide a record free of factual questions, *see West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978) (holding that the presence of factual dispute pretermits the issuance of mandamus), which illustrates undue delay. The sparse record provided by Bates, however, does not fall within that category. Thus, it fails to provide grounds for us to usurp the trial court's inherent authority to control its own docket. Accordingly, we deny the petition for mandamus.[3]

---

2. As with regard to the motions, nothing of record indicates when the March 22, 2001 letter was sent, whether it was accompanied by the correct postage, whether the letter was placed in a properly addressed envelope, or whether the trial court received the letter.

For the sake of discussion, however, we assume that the court received the letter sometime after it was purportedly sent.

3. Our holding does not mean that Bates may not petition or seek relief in the future. Nor

should our decision be interpreted as indicating that the trial court has acted reasonably. We merely hold that the sparse record before us at this time does not support the issuance of mandamus.