No. 04-02-00575-CV



IN RE Miguel AREVALO





Original Mandamus Proceeding

Arising from the 49th Judicial District Court, Webb County, Texas

Trial Court No. 20,322


Honorable Manuel R. Flores, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: August 28, 2002


PETITION FOR WRIT OF MANDAMUS DENIED

 By this original proceeding, relator Miguel Arevalo, an inmate proceeding pro se, seeks a writ
of mandamus to compel the Honorable Manuel Flores of the 49th District Court to set a hearing and
rule on his "motion to compel enforcement of the correct sentence" filed on April 22, 2002. Arevalo
contends he sent a correspondence to the respondent on June 22, 2002, requesting a hearing on his
motion. According to Arevalo, respondent has not acted upon his request to hold a hearing. (1) For
the reasons expressed below, the petition for writ of mandamus is denied.

 A trial court is required to consider and rule upon a motion within a reasonable time.
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig.
proceeding). Whether a reasonable time has lapsed is dependent upon the circumstances of each case.
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). No
bright-line demarcates the boundaries of a reasonable time period. Ex parte Bates, 65 S.W.3d 133,
135 (Tex. App.--Amarillo 2001, orig. proceeding). A myriad of factors are influential, not the least
of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the
state of the court's docket, and the existence of other judicial and administrative matters which must
be addressed first. Id. So too must the trial court's inherent power to control its own docket be
factored into the mix. Id.

 Because it is the burden of the party requesting mandamus relief to prove his entitlement to
same, Arevalo had the obligation to provide us with evidence of the foregoing indicia against which
we could test the reasonableness of the respondent's supposed delay. Walker v. Packer, 827 S.W.2d
833, 837 (Tex. 1992). However, we have no evidence of the number of other cases, motions, or
issues pending on the trial court's docket, the number of cases, motions, or issues which have pended
on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket
that lawfully may be entitled to preferential settings, or the trial court's schedule. Without such
evidence, any attempt to assess whether the respondent unreasonably delayed in disposing of relator's
motion would be mere folly. We cannot say that the passage of eight weeks from the date on which
relator directed the court's attention to his motion evinces unreasonable delay as a matter of law. See
Bates, 65 S.W.3d at 136 (holding passage of eight weeks did not constitute an unreasonable delay).
Nor can we say that one can infer from the passage of eight weeks the trial court has refused to act
on relator's motion. A trial court has great discretion over its docket. And, while it cannot opt to
unreasonably delay hearing a motion, no litigant is entitled to a hearing at whatever time he desires.
 

 We hold the relator has not met his burden of providing the court with grounds to usurp the
trial court's inherent authority to control its own docket. Therefore, this court has determined that
relator is not entitled to the relief sought, and the petition is DENIED. Tex. R. App. P. 52.8(a). 


 PER CURIAM 

DO NOT PUBLISH 







1. Arevalo's application lacks a certified and sworn copy of the June 22, 2002 correspondence referenced in
his petition. It is the relator's burden to provide this court with a record sufficient to establish his right to relief.
Tex. R. App. P. 52.7(a); Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). For the sake of discussion, however,
we assume that the court received this letter sometime after it was purportedly sent.