NO. 07-04-0436-CV


 NO. 07-04-0437-CV

 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 26, 2004



______________________________




IN RE JOSEPH ALARCON GONZALEZ, RELATOR




_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ON EMERGENCY MOTION FOR TEMPORARY RELIEF




 By our opinion of January 27, 2004, in Cause No. 07-03-0261-CV, we reversed the
judgment of the trial court and rendered judgment in favor of Ashley Gutierrez and Joseph
Alarcon Gonzalez. On August 13, 2004, the Texas Supreme Court denied a motion for
rehearing of the petition for review, and on August 23, 2004, the Clerk of this Court issued
mandate to the 181st District Court of Randall County. (1)

 Now, pending before this Court is a petition for writ of mandamus and petition for
writ of prohibition filed on August 26, 2004, by relator Joseph Alarcon Gonzalez, a party
in trial court cause numbers 51,715-B and 54,925-B, styled In the Interest of Savannah
Sierra Gutierrez, A Child, wherein Jeffrey Donald Gurney and Alicia Munoz Gurney are
respondents. By his emergency motion for temporary relief, relator Joseph Alarcon
Gonzalez, the natural father of Savannah Sierra Gutierrez, requests this Court order the
hearing set for Friday, August 27, 2004, at 1:30 p.m. before the Honorable James
Anderson, Judge of the County Court at Law in and for Randall County, Texas, be stayed.

 The motion for emergency relief is denied; however, counsel for Jeffrey Donald
Gurney and Alicia Munoz Gurney are directed to file responses to the petition for writ of
mandamus and petition for writ of prohibition no later than Thursday, September 2, 2004. 
This order is subject to further orders of the Court. 

 It is so ordered.

 Per Curiam





1. See Harris County Children's v. Olvera, 971 S.W.2d 172 (Tex.App.-Houston 14th
Dist. 1998) holding when an appellate court renders a judgment in a case, the district court
has no jurisdiction to review, interpret or enforce it. It must observe and carry out the
mandate of the appellate court. 


 orig. proceeding).

 Additionally, no bright-line demarcates the boundaries of a reasonable time period. 
Bates, 2001 WL 513450 at *1, at ___. Its scope is dependent upon a myriad of factors,
not the least of which is the trial court's actual knowledge of the motion or request, its overt
refusal to act on same, the state of the court's docket, and the existence of other judicial
and administrative matters which must be addressed first. Id. So too must the trial court's
inherent power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S. W.2d 672, 694-695 (Tex. App.--Amarillo 1998, pet. denied)
(holding that a court has the inherent authority to control its own docket). Finally, because
it is the burden of the party requesting mandamus relief to prove his entitlement to same,
Bates, 2001 WL 513450 at *1, at ___, Rey had the obligation to provide us with evidence
of the foregoing indicia (or the like) against which we could test the reasonableness of the
respondent's supposed delay. 

 Here, however, we have no evidence of the number of other cases, motions, or
issues pending on the trial court's docket, the number of cases, motions, or issues which
have pended on its docket longer than that at bar, the number of cases, motions, or issues
pending on its docket that lawfully may be entitled to preferential settings, or the trial court's
schedule. Without such evidence, any attempt to assess whether the unknown respondent
unreasonably delayed in disposing of the divorce proceeding would be mere folly. Nor can
we say that the mere passage of six months from the date on which the divorce was
initiated evinces unreasonable delay as a matter of law. Again, a trial court has great
discretion over its docket. And, while it cannot opt to unreasonably delay hearing an
action, no litigant is entitled to a trial at whatever time he may choose. (1) 

 Accordingly, the petition for writ of mandamus is denied. 

 

 Per Curiam

 

Do not publish. 
1. Indeed, nothing of record illustrates that the person whom Rey seeks to divorce has been served with
citation and suit as per the dictates of the Texas Rules of Civil Procedure or statute. At most, Rey merely
asserts in his "original petition for divorce" that he "forward[ed]" a copy of the document to his purported wife. 
To the extent that Rey has not effectuated service upon his wife, the trial court has no personal jurisdiction
over her to grant any divorce.