NUMBER 13-04-00527-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________
 
IN RE LANDMARK ORGANIZATION, L.P., ET AL. 
__________________________________________________________________

On Petition for Writ of Mandamus
___________________________________________________________________
 
MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Wittig


 
Per Curiam Memorandum Opinion




          Cameron County brought suit against relators Landmark Organization, L.P., et
al., alleging defects in the construction and maintenance of a prison facility. Through
this original proceeding, relators seek a writ of mandamus requiring the trial court to
rule on their motions to compel arbitration. We conditionally grant the relief requested
as further specified herein.
         The facts of this original proceeding are known to the parties so we do not
recite them here. Further, because all dispositive issues are clearly settled in law, we
issue this memorandum opinion and order pursuant to Texas Rules of Appellate
Procedure 47.1 and 52.8(d). See Tex. R. App. P. 47.1, 52.8(c), (d). 
         Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. Walker v.
Packer, 827 S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d
655, 657 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding). An appellate
remedy may be adequate even though it involves more delay or cost than mandamus.
Walker, 827 S.W.2d at 842. An appellate remedy is “adequate” when any benefits
to mandamus review are outweighed by the detriments; when the benefits outweigh
the detriments, appellate courts must consider whether the appellate remedy is
adequate. In re Prudential Ins. Co., 47 Tex. Sup. J. 1104, 2004 Tex. LEXIS 789, *26
(Tex. Sept. 3, 2004) (on reh’g).
         When a motion is properly filed and pending before a trial court, the act of
giving consideration to and ruling upon that motion is a ministerial act, and mandamus
may issue to compel the trial judge to act. See, e.g., Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding). Further, a
trial court is required to consider and rule upon a motion within a reasonable time. See
id. Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate
situations.
         Whether a reasonable time has lapsed is dependent upon the circumstances in
each case because no bright-line rule exists. Ex parte Bates, 65 S.W.3d 133, 135
(Tex. App.–Amarillo 2001, orig. proceeding). “Many indicia are influential, not the
least of which are the trial court's actual knowledge of the motion, its overt refusal to
act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first.” Id. We further consider the
trial court’s inherent power to control its docket. See id.
         In the instant case, the trial court heard the pending motions to compel
arbitration on August26, 2004. At that time, the court stated that it would render a
ruling during the week of September 7, 2004. By letter dated September 3, 2004, the
court informed counsel that it would defer ruling on the motions to compel arbitration
until the end of September. The court required the parties to continue with discovery. 
At a hearing on October 5, 2004, the trial court again deferred ruling on the motions. 
Trial in this matter is set for November 29, 2004. Given these circumstances, we
conclude that the trial court has had a reasonable time to act on the motions to
arbitrate but has failed to do so. See id.
         Accordingly, we conditionally grant the writ of mandamus. The writ will issue
only if the trial court fails to rule on the motions to arbitrate. Whether the motions
should be granted or denied is within the trial court’s discretion.
         By previous order, we denied the relators’ motions for emergency relief in part
and allowed discovery and other underlying proceedings to continue, and granted the
motions for emergency relief in part and entered a stay of the trial date itself. That
order is hereby MODIFIED and all proceedings are ordered STAYED until such time as
the trial court rules on the pending motions to arbitrate. All pending motions are
denied as moot.

                                                                                          PER CURIAM

Memorandum Opinion delivered and filed 
this 1st day of November, 2004.