NO. 12-05-00035-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§

IN RE: ROBERT KING CONWAY, JR.,          §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            Robert King Conway filed a petition for writ of mandamus requesting an order requiring the
Honorable Pam F. Fletcher, Judge of the 349th Judicial District Court, Anderson County, Texas to
rule on certain motions and to comply with this Court’s mandate in Conway v. Castro, No. 12-03-00373-CV, 2004 WL 1103584 (Tex. App.–Tyler May 12, 2004, no pet.). He also seeks an order
requiring Janice Staples, District Clerk of Anderson County, to issue citation in the underlying cause. 
For the reasons set forth below, we dismiss Conway’s petition in part and deny in part. 
Background
            Conway filed the underlying lawsuit alleging that Raynaldo Castro, Richard Thompson, III,
Jason Heaton, Ronald Fox, Nelda Sanders, and Martina Cordell, real parties in interest, converted
his personal property and violated his right to procedural due process and equal protection as
guaranteed by the Fourteenth Amendment of the United States Constitution and article I, section
nineteen of the Texas Constitution. He asserted his claims pursuant to 42 U.S.C. § 1983. The
respondent trial judge found Conway’s claims to be frivolous or malicious and dismissed the case
with prejudice. On appeal, we affirmed the dismissal as to Conway’s Section 1983 claims for due
process and equal protection violations. However, we held that Conway had stated a possible claim
for conversion that has an arguable basis in law and remanded the cause to the trial court for further
proceedings. See Conway, 2004 WL 1103584, at *4. We issued our mandate on June 30, 2004.
            On May 19, 2004, Conway filed a motion for service of process asking that the respondent
trial court direct the district clerk to issue citation and effect service. He also filed a “Motion for
Presence” requesting that all hearings in his lawsuit be conducted by video communications
technology, which would allow him to be present. See Tex. Civ. Prac. & Rem. Code Ann. § 14.008
(Vernon 2002) (permitting hearings by video communications technology in inmate litigation). 
Conway requested that the trial court rule on his motions, but no rulings were forthcoming. This
original proceeding ensued.
Discussion
            The Legislature has not conferred authority on courts of appeals to issue writs of mandamus
generally. See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004). We may issue a writ of mandamus
and all other writs necessary to enforce the jurisdiction of the court. Id. § 22.221(a). We may also
issue a writ of mandamus against a judge of a district or county court in the court of appeals district
or a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52,
Code of Criminal Procedure, in the court of appeals district. Id. § 22.221(b). Conway’s allegations
relating to the respondent district clerk do not show that the issuance of a writ of mandamus is
necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to grant the requested relief
as to the district clerk.
            As to the respondent trial judge, mandamus is available only to correct a clear abuse of
discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there
must be no adequate remedy at law. Id. Conway alleges in his mandamus petition that the trial
judge abused her discretion by failing to rule on his motions within a reasonable time. In response
to Conway’s petition, the trial judge has furnished documentation to us showing that (1) she has
ordered the district clerk to issue citation in the underlying proceeding and that (2) she will conduct
a hearing in conformity to our mandate after service has been effected. The information furnished
by the respondent does not address Conway’s “Motion for Presence,” and we therefore assume that
she has not made a ruling on the motion. 
            A trial judge has a duty to consider and rule on motions within a reasonable time. In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). No bright-line
rule exists for determining whether a reasonable time has lapsed. Ex parte Bates, 65 S.W.3d 133,
135 (Tex. App.—Amarillo 2001, orig. proceeding). Therefore, what is a reasonable time depends
upon the circumstances in each case. Id. In this case, a hearing will be set after service is effected
on the defendants. We cannot say that it is unreasonable for the respondent to rule on the motion
at or near the time she sets the hearing. Therefore, Conway has failed to show that the respondent
trial judge has abused her discretion by delaying her ruling on his “Motion for Presence.” 

Conclusion
            Under the circumstances Conway alleges, we have no jurisdiction to issue mandamus against
the district clerk. Therefore, the portion of Conway’s mandamus petition requesting such relief is
dismissed for want of jurisdiction. Since Conway filed his petition, the respondent trial judge has
ruled on Conway’s motion for the issuance of citation in the underlying proceeding. Further,
Conway has not shown that the trial judge abused her discretion by delaying her ruling on his
“Motion for Presence.” Consequently, as to the respondent trial judge, the writ is denied.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






(PUBLISH)