NO. 07-05-0141-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 3, 2005
_____

IN RE MICHAEL LOU GARRETT,

Relator
_____

***Original Proceeding***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Pending before this court is the *pro se* petition of Michael Lou Garrett for a writ of mandamus. Through it, he asks that we order the Honorable John B. Board, 181st Judicial District Court, to immediately act upon his motion to rehear and/or reconsider the court's order dismissing his civil suit as frivolous. We deny the petition for the reasons that follow.

First, it fails to conform with the applicable rules of procedure. For instance, it lacks a verification of the factual statements. *See* TEX. R. APP. P. 52.3 (requiring that all factual statements in the petition be verified). So too has Garrett failed to provide us with a certified copy of his motion for rehearing. Because he is obligated to accompany his petition with a certified copy of any order or document showing the matter of which he complains, *id.* at 52.3(j)(A), and the motion he hopes to have heard would fall within that category, he should have given us a copy of it.

Second, while it may be that a trial court has the ministerial duty to act upon motions pending before it, authority accords it a reasonable time within which to act. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proc.). And, whether that period lapsed depends upon the circumstances of each case. *Id.* at 135. In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the date upon which the relief was sought, the length of time which has since lapsed, the trial court's knowledge of the matter, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.2d at 135; *see Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-95 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Because that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. And, given that the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to it, *In re Bates*, 65 S.W.2d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), Garrett had the obligation to provide us with a record establishing as a matter of law that the trial court's delay, if any, was and is unreasonable.

To satisfy this burden, Garrett does little else than insinuate that simply because the trial court acted immediately upon the State's motion to dismiss, it was obligated to similarly rule upon his motion for rehearing. While he may so believe, we cannot so hold as a matter of law. This is especially true given that a trial judge has at least 75 days from the

2

date a final order is signed to act upon a motion for new trial or a motion to modify a final order before the motion is overruled by operation of law. TEX. R. CIV. P. 329b(c). If that rule contemplates a 75-day period, we are hard-pressed to say, as a matter of law, that withholding action before the expiration of that time constitutes an unreasonable delay. And, that period has yet to lapse here.

Third, and assuming *arguendo* that a trial court's refusal to act upon a motion of the kind at bar before it is overruled by operation of law constitutes an abuse of discretion (something Garrett does not address), Garrett also failed to illustrate that he had no adequate remedy at law. That no such remedy exists must be established before mandamus can issue. *Walker v. Packer*, 827 S.W.2d at 840. Nowhere does he argue that allowing his motion to be overruled by operation of law, per rule 329b(c), irreparably harms him. Indeed, he can always attack the supposed final order of dismissal via an appeal.[1]

For these reasons, we deny, without prejudice, the petition for writ of mandamus.


Brian Quinn
Justice

---

[1]Garrett also failed to provide us with a certified copy of the order purporting to dismiss his appeal.

3