In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-369 CV


____________________



IN RE DONALD RAY SIGARST






Original Proceeding






MEMORANDUM OPINION


 Donald Ray Sigarst petitions the Court for a writ of mandamus to compel the trial
court to rule on his motions for speedy trial, filed August 31, 2004, and his motions to
dismiss filed August 22, 2005. According to the State of Texas, Sigarst has been under
indictment in Cause Nos. 91200 and 91201 since October 2, 2003, and the cases are on
the trial docket for January 23, 2006. 

 Relying on Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998), the
State of Texas contends that the merits of the relator's motions may be adequately
reviewed on appeal. The merits of the relator's motions are not at issue in this proceeding
to compel the exercise of a ministerial duty to rule on pending motions. See Ex parte
Bates, 65 S.W.3d 133 (Tex. App.-Amarillo 2001, orig. proceeding) (Consideration and
ruling upon a motion within a reasonable time is ministerial act). The State also suggests
the statutory authority to set pre-trial motions for hearing under Article 28.01 grants the
trial court the discretion to address the motions at any time before trial. See Tex. Code
Crim. Proc. Ann. art. 28.01 (Vernon 1989). That the trial court may set motions for a
pre-trial hearing does not speak to the trial court's duty to act on pending motions within
a reasonable time. Of course, the trial court has inherent authority to control its own
docket. Bates, 65 S.W.3d at 136. 

 The mandamus record does not establish that defense counsel ever presented any
of the motions to the trial court for a ruling. Before an appellate court will order a trial
court to rule upon a pending motion, the relator must establish that his motion is properly
filed and has awaited disposition for an unreasonable length of time, or that the trial court
has refused a request to consider the motion. Bates, 65 S.W.3d at 135. Although the
cases have been set upon the trial docket several times without being tried, Sigarst has not
shown that he raised his speedy trial motions at docket call or requested a hearing on his
pending motions. 

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no
other adequate legal remedy. State ex. rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.
Crim. App. 2001). In this case, the relator has not shown that he is entitled to the relief
sought. The petition for writ of mandamus is denied without prejudice.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered November 17, 2005 

Before Gaultney, Kreger and Horton, JJ.