MEMORANDUM OPINION


No. 04-05-00862-CV

IN RE Edward D. MILLER

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Alma L. Lopéz, Chief Justice
Catherine Stone, Justice
Karen Angelini, Justice
 
Delivered and Filed:   December 7, 2005

PETITION FOR WRIT OF MANDAMUS DENIED
            By this original proceeding, relator Edward Miller, an inmate proceeding pro se, seeks a writ
of mandamus to compel the Honorable Mary Román of the 175th District Court to set a hearing and
rule on various motions he has filed in the underlying criminal matter. A trial court is required to
consider and rule upon a motion within a reasonable time. Safety-Kleen Corp. v. Garcia, 945
S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable time has
lapsed is dependent upon the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). No bright-line demarcates the boundaries
of a reasonable time period. Ex Parte Bates, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig.
proceeding). A myriad of factors are influential, not the least of which are the trial court’s actual
knowledge of the motion, its overt refusal to act on same, the state of the court’s docket, and the
existence of other judicial and administrative matters which must be addressed first. Id. So too must
the trial court’s inherent power to control its own docket be factored into the mix. Id. The relator
has the burden to provide this court with a record sufficient to establish his right to relief. Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 
            Miller has not provided this court with copies of his motions, a copy of the trial court’s
docket, or any other proof that he filed his motions, that they are pending before the trial court, and
that the trial court has actual knowledge of them. Because Miller has not met his burden of
providing a record establishing that a properly filed motion has awaited disposition for an
unreasonable time, he has not provided the court with a sufficient record upon which mandamus
relief may be granted. Accordingly, Miller’s petition for writ of mandamus is denied.
 
                                                                                    PER CURIAM