In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-054 CV


____________________



IN RE GERALD B. WILSON






Original Proceeding






 MEMORANDUM OPINION 


 Gerald B. Wilson, an inmate confined in the Correctional Institutions Division of the
Texas Department of Criminal Justice, seeks mandamus relief in connection with an
application for a judgment nunc pro tunc. 

 Wilson's mandamus petition alleges the judge of the 221st District Court issued
judgments nunc pro tunc in Cause Nos. 17,252 and 17,253 in August 2005. From the copy
of the motion attached to Wilson's original mandamus petition, it appears the Institutional
Division's classification department did not immediately credit Wilson with all of the time
awarded in the judgments nunc pro tunc, and Wilson was trying to establish a beginning date
of May 10, 1984, for the Montgomery County convictions, in accordance with the award in
the judgments nunc pro tunc. 

 On February 17, 2006, Wilson filed a petition for writ of mandamus to compel the
trial court to respond to Wilson's motion. We notified the relator of defects in his petition
and provided an opportunity to amend the petition to correct the defects. Wilson's amended
petition raises several subsequent developments. In late January, correspondence from the
trial court informed the relator that the judge could not understand what he wanted
reconsidered. In late February, Wilson learned that the classification department changed
his sentence date to May 9, 1984. On March 10, 2006, relator filed an amended motion to
compel. While he did not attach a copy of the motion as an appendix to the amended
mandamus petition, it appears that Wilson now claims he is entitled to credit from January
11, 1984, the date on which he was jailed in Travis County on an unrelated charge. Wilson
contends that on March 6, 2006, a Travis County court granted his motion for judgment nunc
pro tunc and awarded credit from January 11, 1984. Wilson believes he is entitled to credit
for those dates on the Montgomery County cases because police detectives in Austin told him
Montgomery County detectives had placed a detainer on him. Wilson asks that we award
credit from January 11, 1984, or order the trial court to appoint counsel and conduct a
hearing on his amended motion.

 To obtain mandamus relief in a criminal matter, the relator must show that he has no
other adequate remedy at law to address the alleged error and that the act the relator seeks
to compel is ministerial. State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924,
927 (Tex. Crim. App. 2001). An act is ministerial if it does not involve the exercise of any
discretion and the relator has a clear and indisputable right to relief. Id. Because he
complains that the trial court failed to act on a motion, Wilson "has the obligation to provide
us with a record showing that a properly filed motion has awaited disposition for an
unreasonable period of time." Ex parte Bates, 65 S.W.3d 133, 135 (Tex. App.-Amarillo
2001, orig. proceeding). To the contrary, it appears the trial court tried to correct the
judgments and Wilson asked for additional time after the trial court had already granted
relief. Apparently, a recently filed amended motion remains pending before the trial court. 
The relator has not shown that he is presently entitled to the mandamus relief. See Tex. R.
App. P. 52.3(j). The petition for writ of mandamus is denied without prejudice to refiling.

 WRIT DENIED. 

 PER CURIAM

Opinion Delivered April 13, 2006 

Before McKeithen, C.J., Gaultney and Horton, JJ.