Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed May 24, 2007








Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 24,
2007.

                                                                                                                                                            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00222-CV

____________

 

IN RE WOODROW MILLER, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N 

On March 15, 2007, relator Woodrow Miller, proceeding pro se, filed a petition for writ of mandamus in this court, seeking an
order compelling respondent, the Honorable Belinda Hill, presiding judge of the
230th Judicial District Court, Harris County, Texas, to issue a written ruling
on relator=s habeas corpus petition. See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  For the
reasons discussed below, we conditionally grant relator=s request for mandamus relief.  








Relator
filed a petition for writ of habeas corpus in the trial court on September 8,
2006, regarding a conviction for which he received deferred adjudication.[1] 
See Tex. Code Crim. Proc. Ann art. 11.072 (Vernon 2005).  According to
relator, the trial court orally denied his request for habeas corpus relief on
December 14, 2006.  Shortly after, relator filed a motion for written order
granting or denying relief and requested findings of fact and conclusions of
law.  Relator followed up this request with a motion in arrest of ruling
denying the writ of habeas corpus and a supplemental motion for findings of
fact and conclusions of law.    

In his
petition for writ of mandamus, relator asserts that the trial court has failed
to issue a written order or findings and conclusions and that this is an abuse
of discretion for which he has no adequate remedy.  We requested a response to
the petition from the Harris County District Attorney=s Office, but none has been received.          


In a
criminal matter, this court can grant mandamus relief when a relator shows that
(1) the act sought to be compelled is purely ministerial, and (2) he has no
adequate remedy at law.  See Aranda v. Dist. Clerk, 207 S.W.3d 785, 786
(Tex. Crim. App. 2006).  Also, when a motion is properly filed and pending
before a trial court, the act of considering and resolving it is ministerial,
not discretionary.  Ex parte Bates, 65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding). 

Article
11.072 of the Code of Criminal Procedure establishes procedures regarding
habeas corpus relief in a felony or misdemeanor case, when the petitioner seeks
relief from an order or a judgment of conviction ordering community
supervision.  Tex. Code Crim. Proc. Ann.
art. 11.072, ' 1 (Vernon 2005).  Section 7(a) of that statute provides, in part, as
follows:  

Sec. 7. (a)  If the court determines from the face of
an application or documents attached to the application that the applicant is
manifestly entitled to no relief, the court shall enter a written order denying
the application as frivolous.  In any other case, the court shall enter a
written order including findings of fact and conclusions of law.             

Id. ' 7(a).  A petitioner may appeal the
trial court=s ruling on the habeas corpus petition if it is denied in whole or in
part. Id.  Therefore, under the statute=s plain language, the trial court
must issue a written order on a habeas corpus petition filed under article
11.072.  








Here,
although the trial court has orally ruled on relator=s habeas corpus petition, it has
failed to issue a written order.  This is an abuse of discretion for which
relator has no adequate remedy by appeal.  Accordingly, we conditionally grant
relator=s petition for writ of mandamus and
order the trial court to issue a written order on relator=s application for a writ of habeas
corpus.  The writ of mandamus will issue only if the trial court fails to
comply with this opinion. 

 

 

PER
CURIAM

Memorandum Opinion filed May 24, 2007.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman. 

 









[1]The mandamus record reflects that the trial court
deferred adjudication against relator for indecency with a child and placed him
on community supervision for seven years.