# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00633-CV

**In re Kelly James Stinson**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Kelly James Stinson is an inmate in the Neal Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. He has petitioned this Court for a writ of mandamus to compel the Honorable Lora J. Livingston, Judge of the 261st District Court of Travis County to consider and rule on motions pending in cause number GN503850, *Kelly Stinson v. Director of Texas Board of Pardons and Paroles*. Cause number GN503850 is itself a mandamus proceeding by which Stinson seeks to compel the Director to rule on Stinson's request to correct his administrative release hearing report and to comply with an open records request.

We summarize the procedural history of cause number GN503850 as it is reflected in Stinson's petition to this Court and in the response to the petition filed by counsel for the Director as the real party in interest. Stinson filed his district court mandamus petition in October 2005, and has since filed several related motions, including a motion to compel discovery and a motion for

sanctions. The Director filed a motion to dismiss in January 2006 and an amended motion to dismiss in May 2006.

On March 7, 2006, the district clerk filed Stinson's motion for hearing by conference call. On March 21, the court administrator wrote Stinson a letter acknowledging his request for a hearing and requesting additional information. The administrator enclosed with his letter a copy of the local court rules. These rules provide that hearings conducted by telephone are held on Thursdays at 2:00 p.m. Such hearings are to last no more than 30 minutes and may not require witness testimony or the presentation of documentary evidence.

By a letter dated May 9, 2006, Stinson requested a hearing by telephone on his motion to compel. The court administrator has no record of receiving this letter, but a copy of the letter was received by the district clerk on May 12. The requested setting was at 9:00 a.m. on Monday, May 15, 2006.

By a letter dated June 20, 2006, Stinson requested a hearing by telephone on his motions to compel and for sanctions at 9:00 a.m. on any date between July 3 and July 14, 2006. The letter was received by the court administrator on July 19, 2006.

By a letter dated July 28, 2006, Stinson requested a hearing by telephone on his motions to compel and for sanctions at 2:00 p.m. on Thursday, August 17, 2006. The real party in interest states that there is no record of this letter in the court's file.

Whether to consider and rule on a motion is not a matter of the trial court's discretion; rather, when a motion is properly filed and pending before the court, the act of considering and resolving it is ministerial. *Ex parte Bates*, 65 S.W.3d 133, 134-35 Tex.

App.—Amarillo 2001, orig. proceeding). The court has a reasonable time within which to perform this ministerial duty, and whether this period has lapsed is dependent on the circumstances of each case. *Id*. at 135. Among the relevant factors are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other matters that must be addressed first. *Id*.

The real party in interest asserts that Stinson has not properly requested a hearing. We agree that Stinson's March, May, and June hearing requests did not comply with the local court rules. The real party in interest argues that Stinson's July 28 hearing request also did not comply with the local rules because it indicated that the court should initiate the conference call, whereas the rules state that the call must be placed to the duty judge conducting the hearing. This contention is not correct. Instead, the letter stated (as had some of Stinson's earlier letters) that under criminal justice department policy, the court must notify the department of the hearing so that the necessary arrangements can be made for the prisoner's participation.

The real party in interest also argues that Stinson is not entitled to mandamus relief because there is no evidence that the Judge of the 261st District Court had actual knowledge of Stinson's requests for a hearing or that the Judge refused to act on these requests. The documents before us show, however, that the court administrator, acting on behalf of the Judge, has received Stinson's requests for a hearing and has failed to act.

We recognize the trial court's inherent authority to control its own docket. *Id*. We also acknowledge that an appellate court should not arbitrarily interfere with this control. *Id*. Nevertheless, the record before us demonstrates that for more than one year, Stinson has attempted

3

to obtain a hearing on his motions in cause number GN503850. Although his earlier requests for a hearing were not in full compliance with the local rules, his most recent request appears to have conformed to the rules.[1]

The Judge of the 261st District Court of Travis County shall direct the court administrator to set a telephone hearing on Stinson's motions to compel and for sanctions on a Thursday at 2:00 p.m. no less than thirty days or more than one hundred twenty days from the date of this opinion. The court administrator shall set the hearing in coordination with the Office of the General Counsel, Texas Department of Criminal Justice, in order to secure Stinson's participation. The court administrator shall notify the parties of the hearing and the time the call should be placed to the duty judge. A writ of mandamus will issue if these instructions are not followed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: June 11, 2007

---

[1] Similarly, the Director's amended motion to dismiss has been pending for one year.

4