# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00075-CV

**In re Patrick Earl Conely**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Patrick Earl Conely is an inmate in the McConnell Unit of the Texas Department of Criminal Justice-Correctional Institutions Division. He has petitioned this Court for a writ of mandamus to compel the judge of the 353rd District Court of Travis County, to consider and rule on motions pending in cause number D-1-GN-07-001319, *Patrick Earl Conely v. Texas Board of Criminal Justice, et al*. We are not told the nature of this lawsuit, in which Conely is representing himself.

Attached as an exhibit to Conely's mandamus petition is a copy of a computer print-out, apparently prepared by the district clerk's office, reflecting the activity in this cause. The plaintiff's original petition and supporting documents were filed on May 3, 2007, followed by an amended plaintiff's petition on January 22, 2008. On June 4, 2008, Conely filed a motion for sanctions or order compelling discovery, and on June 11, 2008, he filed a motion for

appointment of counsel. Insofar as the record reflects, the district court has not ruled on any of these pending motions.[1]

Whether to consider and rule on a motion is not a matter of the trial court's discretion. Rather, when a motion is properly filed and pending, the act of considering it is ministerial. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). The court has a reasonable time within which to perform this ministerial duty, and whether this period has lapsed is dependent on the circumstances of each case. *Id.* at 135. Among the relevant factors are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other matters that must be addressed first. *Id.*

The document prepared by the district clerk reflects that the trial court is aware of the pending motions and has taken some steps to act on them. A notice of hearing on plaintiff's pending motions was sent on August 4, 2008. On that same date, Conely moved for a bench warrant or to appear by video conferencing. On August 28, 2008, Conely filed a "motion for court to rule on pending motions." Notice of a telephone conference was given on October 8, 2008. We infer that no hearing or conference was held, but the record does not reflect the reason or reasons why Conely's motions have not been acted on by the trial court.

On the record before us, Conely has not met his burden of demonstrating an entitlement to mandamus relief. The petition for writ of mandamus is denied without prejudice to Conely's right to file another petition supported by evidence of the steps he has taken to obtain a

---

[1] On June 7, 2007, the individual defendants filed their original answer and moved for a transfer of venue to Bee County. On July 2, 2008, the defendants moved to dismiss the cause pursuant to chapter fourteen of the Texas Civil Practice & Remedies Code. These motions also remain pending.

2

ruling on his pending motions and of the responses he has received from those acting on the trial court's behalf.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   July 1, 2009