

# IN THE
# TENTH COURT OF APPEALS

No. 10-16-00441-CR

# IN RE NELSON PARNELL, JR.

Original Proceeding

## MEMORANDUM OPINION

Nelson Parnell, Jr., an inmate, seeks a mandamus against the Honorable Kyle Hawthorne, judge of the 85th District Court, to compel Judge Hawthorne to rule on Parnell's "Writ of Habeas Corpus:  Amended; Amended Motion," hereinafter referred to as "the motion," filed on November 1, 2016.  We requested a response from the State which was filed on February 16, 2017.[1]  We deny Parnell's petition.

---

[1] The State responded that Parnell is not entitled to relief on his motion.  That is not the question in this mandamus proceeding.  The question before us is whether the trial court has a ministerial duty to rule on the motion and failed to rule on the motion within a reasonable time.  Because the merits of the relief requested from the trial court are not before us, all the briefing filed by the State on those merits does not help us in the disposition of this proceeding.  It may, however, be helpful to the trial court in ruling on the pending motion(s).

The need to consider and rule on a properly filed and presented request for relief is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). The duty to act, however, generally does not arise until the movant has brought the request for relief to the trial judge's attention; and mandamus will not lie unless the movant makes such a showing, and the trial judge then fails or refuses to rule within a reasonable time. *See id*. at 228. Whether a reasonable time has lapsed is dependent upon the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Also, the mere filing of a pleading or letter with the clerk does not impute knowledge of the request for relief to the trial judge. *In re Samuelson*, No. 10-11-00460-CR, 2012 Tex. App. LEXIS 90, *4 (Tex. App.—Waco Jan. 4, 2012, orig. proceeding) (not designated for publication).

Parnell bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *In re Wilkerson*, No. 10-15-00226-CR, 2015 Tex. App. LEXIS 6808, at *2 (App.—Waco July 2, 2015, orig. proceeding) (not designated for publication). A proper record might contain documentary evidence like letters, if any, through which Parnell attempted to obtain a ruling, responses, if any by the clerk or trial court, and any other matter which might suggest that two months is an unreasonable amount of time for the motion to be pending. Parnell has provided us with only a copy the motion which is file stamped November 1, 2016 and a copy of Parnell's letter to the

clerk, also file stamped November 1, 2016, requesting the clerk to bring the request for relief to the attention of the trial court and requesting a hearing. As we have noted, the letter does not impute knowledge of the motion to the trial court.

Based on the record before us, it does not appear that the motion, which had been pending for less than two months at the time the petition for writ of mandamus was filed, had been brought to the trial court's attention and that the trial court failed or refused to rule on the motion.

Accordingly, Parnell's petition for writ of mandamus is denied.

Further, Parnell's Subsequent Motion for Order of Entitled Relief, filed on February 21, 2017, is denied.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Motion denied
Opinion delivered and filed March 15, 2017
Do not publish
[OT06]

