

# IN THE
# TENTH COURT OF APPEALS

**No. 10-21-00043-CR**
**No. 10-21-00044-CR**
**No. 10-21-00045-CR**
**No. 10-21-00046-CR**

## IN RE BILLY CRELIA

**Original Proceeding**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 2000-163-C, 2011-2533-C2,**
**2012-164-C2, 2012-272-C2**

## MEMORANDUM OPINION

Relator, Billy Crelia, a jail inmate, seeks a mandamus in four trial court cases to compel the trial court judge, specifically naming the Honorable Matt Johnson, to rule on relator's "original proceeding" in each underlying case. We note that the Honorable Matt Johnson is no longer the judge of the 54th District Court, but is now a justice, elected in 2020 to serve on this Court of Appeals. He has recused himself from participation in these proceedings. Aside from this, there are procedural problems with the petitions,

such as no service on the trial court judge as the respondent and the State as the real-party-in-interest as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to dispense with these requirements and proceed to a timely disposition of the petitions. TEX. R. APP. P. 2.

Relator contends documents he presented for filing in each underlying case, entitled "An Original Proceeding," were filed by the trial court clerk and presented to the trial court judge on January 13, 2021, and the trial court judge has ignored him. Relator attaches to each petition an unfiled copy of his original proceeding and a copy of the letter from the trial court clerk informing relator that the documents had been filed.

The need to consider and rule on a properly filed and presented request for relief is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). Whether a reasonable time has lapsed is dependent upon the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

As of the date these petitions were filed, relator's original proceedings had been pending with the trial court for approximately two months. The trial court judge, now the Honorable Susan Kelly, has only been the judge for the 54th District Court for a little over two months. Under the circumstances, we find the trial court has not had a reasonable time within which to rule on relator's original proceedings.

Accordingly, relator's petitions for writ of mandamus are denied without prejudice to relator filing new petitions if: 1) the current trial court judge does not rule

on relator's original proceedings after a reasonable time and 2) relator has served his new mandamus petitions on all the parties as required.

Relator also presented a motion for leave to file his petitions for writ of mandamus. A motion for leave to file a petition for writ of mandamus is required when relief by mandamus is sought from the Court of Criminal Appeals. TEX. R. APP. P. 72.1. The requirement for leave to file a petition for writ of mandamus at the court of appeals level was eliminated in 1997. *See* TEX. R. APP. P. 52, Notes and Comments. Thus, under the applicable rules, if mandamus relief is sought from an intermediate court of appeals, such as the Tenth Court of Appeals, a motion for leave to file the petition is unnecessary. Accordingly, each of relator's Motion for Leave of Court is dismissed as moot. *See In re Dawson*, 10-19-00427-CR, 2019 Tex. App. LEXIS 10725, 2019 WL 6827566 (Tex. App.—Waco Dec. 11, 2019, orig. proceeding).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Scoggins[1]
Petitions denied
Motions dismissed as moot
Opinion delivered and filed March 24, 2021
Do not publish
[OT06]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.