In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00110-CR
_____

IN RE DARRELL LEWIS

_____

Original Proceeding
163rd District Court of Orange County, Texas
Trial Cause No. A190682-R

_____

MEMORANDUM OPINION

In a petition for a writ of mandamus, Darrell Lewis asks this Court to compel

the 163rd District Court of Orange County to rule on a motion for final disposition

that Lewis claims he filed pursuant to the Interstate Agreement on Detainers Act

(IADA).[1] *See* Tex. Code Crim. Proc. Ann. art. 51.14, art. III. Lewis states that he is

_____

[1]Relator states that he has filed a motion for final disposition under the IADA, a motion to dismiss for failure to prosecute, and a petition for a writ of habeas corpus. However, he does not state whether the motions were filed by counsel, pro se while he was represented by counsel, or pro se while he was not represented by counsel.

1

currently in federal custody, and he concedes the State had not lodged an official detainer against him.

Lewis "has the obligation to provide us with a record showing that a properly filed motion has awaited disposition for an unreasonable period of time." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). A relator must file a certified or sworn copy of every document that is material to his claim for relief.[2] *See* Tex. R. App. P. 52.7. Lewis failed to establish that he properly filed a motion with the trial court that has awaited disposition for an unreasonable length of time. *See Bates*, 65 S.W.3d at 136. He also has not shown that the trial court failed to perform a ministerial act required by the IADA. *See generally* Tex. Code Crim. Proc. Ann. art. 51.14, art. III. We deny the petition for a writ of mandamus without prejudice.

PETITION DENIED.

PER CURIAM

Submitted on June 8, 2021
Opinion Delivered June 9, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[2]Depending upon the facts, documents that may be material to a complaint that the trial court allegedly failed to rule on a properly filed motion might include, without limitation, the indictment or information charging the defendant with an offense, the docket sheet, an order appointing counsel or allowing pro se representation, any motion or petition that is the subject of the complaint, any document that demonstrates how the defendant brought the request for a ruling to the attention of the trial court, and any document the defendant claims functions as a detainer under the IADA.