In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00229-CR
_____

IN RE RODERIC DEMOND JAMES

_____

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause No. 21-38216

_____

## MEMORANDUM OPINION

Roderic Demond James seeks to compel the trial court to rule on motions, which he filed in the trial court pro se.[1] When the trial court failed to do so, James filed a petition for mandamus in this Court, also

---

[1]James' petition is procedurally defective. *See* Tex. R. App. P. 52.3. Additionally, he failed to certify that he served a copy of the petition on the Respondent and on the State, which is the real party in interest. *See* Tex. R. App. P. 9.5. We will look beyond these deficiencies under Rule 2, however, in order to expedite the result. *See* Tex. R. App. P. 2.

pro se. In his petition, James states that an attorney is representing him in the court below.

To be entitled to relief on a writ of mandamus, the relator must demonstrate (1) there is no adequate remedy at law, and (2) there is a clear and indisputable right to the relief sought.[2] "[W]hen a motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial." *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). Yet a trial court has no duty to consider and rule upon a defendant's pro se motions when the defendant is represented by counsel since defendants in criminal cases are not entitled to hybrid representation.[3]

For these reasons, James' petition for a writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on August 23, 2022
Opinion Delivered August 24, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[2]*See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).
[3]*See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("[A] trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel.").

2