# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00380-CV

## In re Tony Cervantes

---

### ORIGINAL PROCEEDING FROM MILAM COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Tony Cervantes was convicted in 2004 of the offense of indecency with a child and sentenced to thirty-five years' imprisonment. This Court affirmed his conviction on appeal. *See Cervantes v. State*, No. 03-04-00694-CR, 2006 WL 1707960, at *4 (Tex. App.—Austin June 23, 2006) (mem. op., not designated for publication). Since that time, Cervantes has filed multiple petitions for writ of mandamus and applications for writ of habeas corpus in this Court and the Court of Criminal Appeals, seeking to challenge his conviction.[1] In his latest petition for writ of mandamus, Cervantes complains of the district court's failure to "respond" to

---

[1] *See, e.g.*, *Ex parte Cervantes*, No. WR-69,732-05, 2018 WL 2041453 (Tex. Crim. App. May 2, 2018) (per curiam order); *In re Cervantes*, No. WR-69,732-03, 2018 WL 1616390 (Tex. Crim. App. Apr. 4, 2018) (per curiam order); *In re Cervantes*, No. 03-24-00177-CV, 2024 WL 1138566 (Tex. App.—Austin Mar. 15, 2024, orig. proceeding) (mem. op.); *In re Cervantes*, No. 03-23-00250-CV, 2023 WL 3132508 (Tex. App.—Austin Apr. 28, 2023, orig. proceeding) (mem. op.); *In re Cervantes*, No. 03-19-00534-CV, 2019 WL 4049065 (Tex. App.—Austin Aug. 28, 2019, orig. proceeding) (mem. op.); *In re Cervantes*, No. 03-17-00427-CV, 2017 WL 3902966 (Tex. App.—Austin Aug. 31, 2017, orig. proceeding) (mem. op.); *In re Cervantes*, No. 03-15-00084-CV, 2015 WL 1025729 (Tex. App.—Austin Mar. 4, 2015, orig. proceeding) (mem. op.); *In re Cervantes*, No. 03-10-00209-CV, 2010 WL 1930227 (Tex. App.—Austin May 14, 2010, orig. proceeding) (mem. op.).

a motion that he claims to have filed in the court below pertaining to Article 11.074 of the Code of Criminal Procedure.[2]

"The traditional test for determining whether mandamus relief is appropriate requires the relator to establish two things." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "First, he must show that he has no adequate remedy at law to redress his alleged harm." *Id*. "Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *Id*. There is no appellate remedy for a trial court's failure to rule on a motion filed under Article 11.074, so the only question here is whether the district court violated a ministerial duty.

"[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling." *Id*. To establish that a motion was properly filed, "the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court." *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Moreover, "[m]erely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *Id*. A relator will not be entitled to mandamus relief on a pending motion unless he first establishes that the trial court: (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo

---

[2] Article 11.074 provides for the appointment of counsel in certain habeas-corpus cases in which "the [S]tate represents to the convicting court that an eligible indigent defendant . . . is not guilty, is guilty of only a lesser offense, or was convicted or sentenced under a law that has been found unconstitutional by the court of criminal appeals or the United States Supreme Court." Tex. Code Crim. Proc. art. 11.074(b).

2001, orig. proceeding). Regarding the reasonable-time requirement, "no bright-line demarcates the boundaries of a reasonable time period," and "whether such a period has lapsed is dependent upon the circumstances of each case." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.— Amarillo 2001, orig. proceeding). "Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. "So too must the trial court's inherent power to control its own docket be included in the mix." *Id.*

Here, assuming without deciding that the district court had a legal duty to rule on Cervantes's motion and that Cervantes asked the district court to rule on the motion, Cervantes has not established that the district court failed to rule on it within a reasonable time. Cervantes represents in his petition that the motion was filed by the deputy district clerk on March 4, 2024. However, the only document that Cervantes has included in his mandamus record is a copy of a motion that Cervantes mailed to the district court on May 1, 2024. It is unclear if this is a copy of the same motion that, according to Cervantes, the clerk filed in March, but whether the motion was filed and brought to the district court's attention less than two months ago in May or less than four months ago in March, a longer amount of time is usually required to elapse before a higher court compels a trial court to rule on a properly filed motion, "absent a showing that the particular circumstances of the case demand a more expeditious ruling." *In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 & n.7 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (collecting cases holding that generally, delays of between two and six months are not considered unreasonable). Cervantes has made no such showing here. On this record, we cannot conclude that Cervantes is entitled to the extraordinary relief he requests.

3

The petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed:   June 26, 2024