MEMORANDUM OPINION


No. 04-05-00928-CV

IN RE David SAUCEDA

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Alma L. López, Chief Justice
Sarah B. Duncan, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: January 25, 2006

PETITION FOR WRIT OF MANDAMUS DENIED

            David Sauceda filed a petition for a writ of mandamus complaining of the trial court’s failure
to act on his pro se “Motion for Setting Trial by Judge or Jury and Motion Requesting a Speedy
Trial” in the underlying criminal matter.


 In his petition, Sauceda seeks a writ of mandamus directing
the trial court either to dismiss the underlying cause or set the cause for trial. When a motion is
properly filed and pending before a trial court, the act of considering and ruling upon that motion is
a ministerial act; therefore, a writ of mandamus will issue to compel the trial court to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding).
“However, the trial court has a reasonable time within which to perform this ministerial duty”; and
“whether such a period has lapsed is dependent upon the circumstances of each case.” Ex parte
Bates, 65 S.W.3d 133, 135-36 (Tex. App.–Amarillo 2001, orig. proceeding). In determining whether
a reasonable time has lapsed, we consider numerous factors, including “the trial court’s actual
knowledge of the motion, its overt refusal to act on [it], the state of the court’s docket,” and the
court’s inherent power to control its own docket. Id. The burden of providing a record establishing
that a motion was properly filed and has awaited disposition for an unreasonable time is on the
relator. In re Mendoza, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding);
Tex. R. App. P. 52.3(j), 52.7(a).  
            Attached to Sauceda’s petition is a handwritten copy of his speedy trial motion; but this copy
is neither certified nor filestamped. Sauceda represents in his petition that he “filed” his speedy trial
motion on May 20, 2003; but he also states that “the documents [were] mailed on or about May 20,
2003, and sent to Judge Timothy F. Johnson.” Sauceda does not provide any proof that he properly
addressed and mailed his motion to the county clerk for filing. See Tex. Crim. Proc. Code Ann. art.
2.21(a)(1) (Vernon 2005) (stating that the clerk of the court is responsible for receiving and filing
all motions in a criminal proceeding). Accordingly, the record does not establish that Sauceda’s
speedy trial motion was properly filed and has awaited disposition for an unreasonable time.
Accordingly, we deny Sauceda’s petition for a writ of mandamus. 
 
                                                                                                PER CURIAM