NO. 07-06-0219-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 7, 2006

_____

In re CEDRIC A. JONES,

Relator

_____

**_MEMORANDUM OPINION_**
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the petition of Cedric A. Jones for a writ of mandamus. Jones requests that we order the Hon. Patrick A. Pirtle, 251st Judicial District, Potter County, to "make a ruling on the motions therein filed on the default judgment." We deny the application for the reasons which follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.[1] TEX. R. APP. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." In this case, the document showing the matter complained of would be the motion allegedly filed requesting a default judgment. None was provided to us, however, via appendix or otherwise. Thus, it cannot be said that Jones complied with Rule 52.3(j).

---

[1]That Jones acts in a *pro se* capacity does not relieve him from complying with the rules of appellate procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

Second, Jones failed to accompany his petition with the requisite filing fee or an affidavit illustrating his inability to pay the fee. See TEX. R. APP. P. 20.1(b).

Third, a trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W. 2d 94, 97 (Tex. 1992). To the extent that Jones complains of the trial court's failure to convene a hearing and rule upon his alleged motion, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of the motion. Indeed, one can hardly be faulted for doing nothing if he was never aware of the need to act.

Here, nothing appears of record illustrating that the trial court was afforded or had notice of the motion. Nor does anything appear of record which would allow one to reasonably infer that such notice was given or knowledge was had. Admittedly, Jones stated in the body of his petition that "the motion for default judgment has been recieved [sic] and filed on Febuary [sic] 20' 2006.'" He further states that he "recieved [sic] a confirmation that the motion was filed and the court recieving [sic] the motion." Yet, the identity of the entity with which he filed the instrument is unknown. This is of import because the entity could have been either the district clerk or the trial court. TEX. R. CIV. P. 74 (stating that pleadings, papers and the like shall be filed with the clerk of the court or with the court itself if permitted). If filing occurred with the district clerk, we know of no rule which imputes the clerk's knowledge to the trial court. Thus, it would be incumbent upon appellant to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it. So, merely stating that something was "properly

2

filed" is insufficient basis from which to reasonably infer that the trial court had notice of that something and the need to act on it. And, because the state of the record prevents us from holding that the trial court was aware of the motion, we cannot say that the court abused its discretion in allegedly failing to act on same.

Fourth, and assuming arguendo that the motion is brought to the attention of a district court, the latter has a duty to consider and rule upon it. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is so because the act of considering it is ministerial. *Ex parte Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267 (Tex. App.–Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to act. *Id.* And, whether that period lapsed is dependent upon the circumstances of each case. *Ex parte Bates*, 65 S.W.3d at 135. In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. So too must the trial court's inherent power to control its own docket be included in the mix. *Ex parte Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting

3

mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Ex parte Bates*, 65 S.W.3d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), Jones had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time.

The record before us merely illustrates that Jones may have filed his "Motion for Default Judgment" on or about February 20, 2006, that is, a little more than three months ago. Yet, no other evidence touching upon the indicia discussed in the foregoing paragraph appears of record. And, because we do not hold that the district court's failure to act within three months upon a motion being filed *per se* constitutes unreasonable delay, Jones failed to satisfy his burden of proof.

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice

4