Petition for Writ of Mandamus Denied and Memorandum Opinion filed July
25, 2006








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed July 25, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00578-CV

____________

 

IN RE MELVIN JONES, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On June
29, 2006, relator Melvin Jones, an inmate in the Wynne Unit of
the Texas Department of Criminal Justice, filed a petition for writ of mandamus
in this court,[1] seeking an
order compelling the Honorable William Harmon, presiding judge of the 178th
District Court of Harris County, to rule on relator=s motion for preservation and
forensic testing of DNA evidence filed pursuant to Article 64 of the Texas Code
of Criminal Procedure.    








To
establish that the trial court has abused its discretion, a relator must show
the court 1) had a legal duty to perform a non‑discretionary act, 2) was
asked to perform the act, and 3) failed or refused to do so.  O=Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo 2001, orig. proceeding).
When a motion is properly filed and pending before a trial court, the act of
considering and resolving it is ministerial, not discretionary.  Ex parte
Bates, 65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding).  However, even where a
motion is properly filed, the trial court has a reasonable time within which to
perform this ministerial duty.  Id. at 135.  Several factors are
considered in determining the boundaries of a reasonable time period, such as
the trial court=s actual knowledge of the motion and its overt refusal to act
on it.  Id. (citing Stoner v. Massey, 586 S.W.2d 843, 846 (Tex.
1979)).  The trial court=s inherent power to control its own docket, a discretionary
power, is included in the determination.  Id.

A
convicted person may file a motion for forensic DNA testing of evidence in the
convicting court. See Tex. Code
Crim. Proc. Ann. Art. 64.01 (Vernon Supp. 2006).  The motion must be
accompanied by an affidavit, sworn to by the convicted person.  Id. 
Although relator attached a copy of his motion for DNA testing to his mandamus
petition, there was no supporting affidavit attached; therefore, there is no
evidence that relator=s motion complied with the requirements of Article 64.01, and
we cannot conclude that the trial court abused its discretion or failed to
perform a ministerial duty by failing to rule on it.  See, e.g., In re
Tucker, No. 08-05-00208-CR, 2005 WL 1488510, at *1 (Tex. App.CEl Paso June 23, 2005, orig.
proceeding).  Moreover, there is no evidence that relator requested the trial
court rule on the motion nor that the trial court refused to act on it.  

Because relator has failed to provide a record that
shows he is entitled to the relief requested, we deny relator=s petition for writ of mandamus without prejudice to
refiling with an adequate record.  E.g., In re Molina, 94 S.W.3d 885,
886 (Tex. App.CSan Antonio 2003, orig. proceeding); see Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.CHouston
[1st Dist.] 1992, orig. proceeding).            

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed July 25, 2006.

Panel consists of Chief Justice
Hedges, and Justices Yates and Guzman.  









            [1]See Tex. Gov=t Code Ann. ' 22.221 (Vernon
2004); see also Tex. R. App. P. 52.1.