Petition for Writ of Mandamus Denied and Memorandum Opinion filed August
24, 2006








Petition
for Writ of Mandamus Denied and Memorandum Opinion filed August 24, 2006.

 

                                                                              

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00636-CV

____________

 

IN RE CHARLES W. BISHOP, II,

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On July
3, 2006, relator Charles W. Bishop, II filed a petition for writ of mandamus in
this court seeking an order compelling the Honorable Kent Sullivan, formerly
presiding judge of the 80th District Court, Harris County, Texas, to rule on
several motions.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see  also  Tex. R. App. P. 52.1.  Relator also
seeks a writ ordering Charles Bacarisse to provide relator with copies of the
trial court=s docket and the clerk=s docket.  We deny relator=s petition for writ of mandamus.   








When a
motion is properly filed and pending before a trial court, the act of
considering and resolving it is ministerial, not discretionary.  Ex parte
Bates, 65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding).  However, the trial court
has a reasonable time to perform this ministerial duty, and there is no bright‑line
rule demarcating the boundaries of a reasonable time period.  Id. at
135.  The determination of whether a reasonable time has elapsed is dependent
upon the circumstances of each case and a number of factors are involved in the
determination, such as the trial court=s actual knowledge of the motion, its
overt refusal to act on the motion, the state of the court=s docket, and the court=s inherent power to control its
docket.  Id.; Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  The relator has the burden of providing a record demonstrating
that the motion has awaited disposition for an unreasonable time.  In re
Mendoza, 131 S.W.3d 167, 168 (Tex. App.CSan Antonio 2004, orig. proceeding).

Here,
the motions attached to relator=s petition appear to be originals, and there is no file stamp
or other indication the motions were in fact filed and are pending before the
trial court. See Ex parte Bates, 65 S.W.3d at 135 (finding relator
failed to show motions were properly filed because the motions lacked a file
stamp, and relator did not provide a return receipt or any proof that motions
were mailed to court clerk at proper address with proper postage); In re
Chavez, 62 S.W.3d 225, 228B29 (Tex. App.CAmarillo 2001, orig. proceeding) (noting that stating
something was properly filed is not sufficient to show trial court had notice
of the filing and the need to act on it).  Relator provided a copy of a letter
to Charles Bacarisse, which stated relator was enclosing a motion requesting a
ruling, but filing a motion with the district clerk does not impute knowledge
of a pending motion to the trial court.  In re Hearn, 137 S.W.3d 681,
685 (Tex. App.CSan Antonio 2004, orig. proceeding).  In short, the record fails to show
that (1) the motions were filed in the trial court, (2) the trial court had
actual knowledge of the motions, (3) it refused to act on the motions, or (4)
the state of the court=s docket.[1] 








Further,
we do not have jurisdiction to compel the district clerk to act unless it is
necessary to preserve our jurisdiction.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  Because it
does not appear that the writ is necessary to enforce our jurisdiction, as to
relator=s request concerning Charles
Bacarisse, we do not have the authority to provide the requested relief.  

Relator has failed to establish he is
entitled to the requested mandamus relief, and accordingly, we deny relator=s petition for writ of mandamus.     

 

 

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed August 24, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.









[1]Judge Sullivan resigned a short time ago, and this
fact may also contribute to a delay in ruling on relator=s motionsBif
they have been filed.