NO. 07-05-0168-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 12, 2006


______________________________



MICHAEL RAY DIAZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 48,940-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Michael Ray Diaz contests his felony conviction for indecency with a child (his
daughter). He was sentenced to imprisonment for life after pleading true to two
enhancement paragraphs in the indictment. His sole issue on appeal concerns the receipt
into evidence of a tape recording of a telephone conversation wherein he admitted to
"touching" and possibly "licking" his daughter and several other children, including the other
party to the phone conversation. The trial court purportedly violated Texas Rules of
Evidence 403 and 404(b) in receiving the tape into evidence because of its multiple
references to extraneous offenses or bad acts. We affirm.

 In challenging the tape, appellant fails to distinguish between his admission to
committing the indecency upon his daughter and his admission to committing indecencies
upon other children. This is of import because receiving into evidence one's confession
of the crime for which he is being tried is a legitimate exercise of the trial court's discretion
under both Rules 403 and 404(b). See Matthews v. State, No. 07-05-0142-CR, 2006 Tex.
App. Lexis 5933 at *2 (Tex. App.-Amarillo July 10, 2006, no pet. h.). Consequently, we
cannot find fault in the decision to allow into evidence appellant's admission regarding the
indecency with his own daughter. 

 Concerning the references to his commission of the other indecencies, we assume
arguendo that the trial court abused its discretion in receiving them. However, the error
was harmless. There being no purported constitutional violation involved, we conduct the
relevant harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. See
Potier v. State, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (holding that erroneous
evidentiary rulings seldom rise to the level of constitutional error). The latter rule obligates
us to determine whether error affected a substantial right of appellant, that is, whether it
had a substantial and injurious affect or influence upon the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). And, in assessing that possibility, we should
consider everything in the record including the testimony and physical evidence admitted
for the jury's consideration, the nature of the evidence supporting the verdict, the character
of the error and how the error might be considered with other evidence, the jury
instructions, the State's theory of the case, any defensive theories, and closing arguments. 
Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). 

 Of utmost import here is appellant's confession to committing the indecency upon
his daughter. This evidence alone strongly supports the verdict and negates any
suggestion that the complainant fabricated the accusation. So too did it bolster the
testimony of the victim about how appellant "touched" her vagina with both his hand and
tongue. Thus, it can be said that the evidence of guilt was overwhelming. And, though the
State relied on the audiotape in its closing argument, the majority of the State's references
were to appellant's offense against his daughter; the references to the offenses involving
others were brief. Nor can we forget that appellant also pled true to the felony
enhancement paragraphs contained in the indictment; these pleas no doubt affected the
measure of punishment levied. Finally, the trial court did instruct the jury that reference to
the extraneous offenses in the tape could not be used "for any purpose of showing
character or that the Defendant acted in conformity with that in this particular offense." 
Considering these indicia, we conclude that while the admission of the extraneous offenses
may have affected the verdict, the affect was not a substantial one.

 Accordingly, appellant's issue is overruled and the judgment is affirmed.


 Brian Quinn

 Chief Justice 


Do not publish.



60;      ______________________________

                                                In re BRIAN J. WINTERS, 
 
Relator
                                        _______________________________
 
                               On Original Proceeding for Writ of Mandamus
                                      ________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Pending before this court is the application of Brian J. Winters for a writ of
mandamus. Through it, he requests that we “issue mandamus requiring the trial court
to give credit for all time spent in jail prior to sentencing.” The motion wherein Winters
requests the trial court to credit him with jail time appears to have been filed on
September 11, 2007, and is entitled “Motion for Judgment Nunc Pro Tunc.” We deny
the application for the reasons which follow. 
          First, nothing of record indicates that the motion purportedly filed below was
brought to the attention of the district court. Simply put, before mandamus relief may
issue, the petitioner must establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. 
O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is
incumbent upon Smith to illustrate that the district court received and was aware of his
motion.


 This is so because a court cannot be faulted for doing nothing when it is or
was unaware of the need to act. Here, the record simply indicates that Winters’ motion
was filed with the Potter County district clerk. Whether the trial court was ever made
aware of it is unknown. Lacking that information, we cannot simply assume that the
district court knew of its duty to act and neglected to perform it. Thus, Winters has not
fulfilled his burden of illustrating that the trial court refused to act.
          Second, and assuming arguendo that a pleading is brought to the attention of a
district court, we note that the trial court has a duty to consider and act upon it. In re
Bates, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is
so because the task of considering it is ministerial. In re Bates, 65 S.W.3d at 134-35;
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding), quoting O’Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler
1993, orig. proceeding). However, the court also has a reasonable time within which to
act. In re Bates, 65 S.W.3d at 135. And, whether that period lapsed is dependent upon
the circumstances of each case. Id. In other words, no bright line demarcates the
boundaries of a reasonable time period. Id. Many indicia are influential, not the least of
which are the trial court’s actual knowledge of the motion, its overt refusal to act on
same, the state of the court’s docket, and the existence of other judicial and
administrative matters which must be addressed first. Id. So too must the trial court’s
inherent power to control its own docket be included in the mix. In re Bates, 65 S.W.3d
at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672, 694-695 (Tex.
App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to
control its own docket). Since that power is discretionary, Hoggett v. Brown, 971
S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary
of interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his
right to same, Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65
S.W.3d at 135, Winters had the obligation to provide us with a record establishing that a
properly filed motion has awaited disposition for an unreasonable length of time. He
has not done that. 
          The record before us merely illustrates that Winters purportedly filed his motion
with the Potter County district clerk on September 11, 2007. In it, he stated that unless
the trial court acts upon it within 30 days it will be deemed denied. Yet, no evidence
purporting to touch upon the indicia discussed in the preceding paragraph appears of
record. And, because we do not hold that the district court’s failure to act upon a motion
about which it may have no knowledge constitutes unreasonable delay per se, Winters
again has not satisfied his burden of proof. Nor do we hold that the trial court’s failure to
act within a 30-day period arbitrarily selected by the petitioner ipso facto evinces
unreasonable delay, even if the trial court knew of the motion. Deadlines are
established by rule, statute, and the judicial discretion of the judge, not the whims of
litigants. 
          Accordingly, the application for writ of mandamus pending before this court is
denied.
                                                                           Brian Quinn 
                                                                          Chief Justice