NO. 07-08-0301-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2008

_____

In re KENNETH WEBB,

.

Relator

_____

***Original Proceeding***

_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Pending before this court is the petition of Kenneth Webb for a writ of mandamus. He requests that we order the trial court to rule on his "Motion for Grand Jury Transcripts" in his criminal trial. We deny the petition.

Relator has not paid the filing fee in this matter. We informed him by letter dated July 22, 2008, that unless the fee was paid by Friday, August 1, 2008, the proceeding would be subject to dismissal. In response, relator filed a letter stating that the filing fee should be waived because he is "indigent and incarcerated" and "not allowed to earn money." He asserts that his petition should have had a "declaration of inability to pay court

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2008).

costs" included with it but if it did not, then we should construe his letter as a motion to proceed in forma pauperis.[2]  The letter has not been certified or sworn to by relator.

A party who cannot pay the court costs may proceed if he files an affidavit in accordance with Rule 20.1 of the Rules of Appellate Procedure.  TEX. R. APP. P. 20.1(a)(1).  Even assuming that relator is unable to earn any current income due to his incarceration, the contents of the affidavit should provide us, among other things, with complete information as to the income of the party's spouse and whether that income is available to the party, real and personal property that the party owns, cash the party holds and amounts on deposit he may withdraw, any other assets of the party, and the party's ability to obtain a loan.  *See* TEX. R. APP. P. 20.1(b).  Because relator has neither attempted to certify or swear to his statement nor provide us with sufficient information to determine his indigence, we find it deficient.

Although the Supreme Court states that we must give relator an opportunity to amend his affidavit, *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898, 900 (Tex. 2006), we would still be compelled to deny relator any relief upon the merits of his petition. He asks that we order the trial court to rule on his motion which he alleges he filed on May 30, 2008.[3]  It is relator's burden to establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so.  *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Therefore,

---

[2]We find no such declaration of inability to pay court costs attached to relator's petition.

[3]The file-stamped copy he has provided shows a date of June 2, 2008.  The copy is not a certified copy as required by Texas Rule of Appellate Procedure 52.3(j)(1)(A).

2

relator was required to show that the trial court received notice of his motion.[4]  Moreover, even if the motion was brought to the attention of the district court, the court has a reasonable time within which to act.  *In re Bates,* 65 S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding); *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.– San Antonio 1997, orig. proceeding).  Whether that reasonable period has lapsed, is dependent upon the circumstances of each case and must take into consideration the trial court's actual knowledge of the motion, its overt refusal to act on the same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.  *In re Bates,* 65 S.W.3d at 135.  Since the trial court has discretionary power to control its own docket, *Hoggett v. Brown,* 971 S.W.2d 472, 495 (Tex. App.– Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise of that discretion without legitimate basis, and the party requesting mandamus relief has the burden to provide us with a sufficient record to establish his right to the same.[5]  Because we do not hold that the district court's failure to act within two months upon a motion *per se* constitutes an unreasonable delay, relator failed to satisfy his burden.

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice

---

[4]Filing something with the district clerk does mean the trial court is aware of it and the clerk's knowledge is not imputed to the trial court.  *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).

[5] Appellant has failed to provide a copy of any document except his motion and that copy is not certified or sworn to.  *See* TEX. R. APP. P. 52.3(J)(1)(A).