NO. 07-08-0301-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2008

______________________________


In re KENNETH WEBB,
.
 
Relator

_________________________________

Original Proceeding

                                     __________________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.



          Pending before this court is the petition of Kenneth Webb for a writ of mandamus. 
He requests that we order the trial court to rule on his “Motion for Grand Jury Transcripts”
in his criminal trial. We deny the petition.
          Relator has not paid the filing fee in this matter. We informed him by letter dated
July 22, 2008, that unless the fee was paid by Friday, August 1, 2008, the proceeding
would be subject to dismissal. In response, relator filed a letter stating that the filing fee
should be waived because he is “indigent and incarcerated” and “not allowed to earn
money.” He asserts that his petition should have had a “declaration of inability to pay court
costs” included with it but if it did not, then we should construe his letter as a motion to
proceed in forma pauperis.


 The letter has not been certified or sworn to by relator. 
          A party who cannot pay the court costs may proceed if he files an affidavit in
accordance with Rule 20.1 of the Rules of Appellate Procedure. Tex. R. App. P. 20.1(a)(1).
 Even assuming that relator is unable to earn any current income due to his incarceration,
the contents of the affidavit should provide us, among other things, with complete
information as to the income of the party’s spouse and whether that income is available to
the party, real and personal property that the party owns, cash the party holds and
amounts on deposit he may withdraw, any other assets of the party, and the party’s ability
to obtain a loan. See Tex. R. App. P. 20.1(b). Because relator has neither attempted to
certify or swear to his statement nor provide us with sufficient information to determine his
indigence, we find it deficient. 
          Although the Supreme Court states that we must give relator an opportunity to
amend his affidavit, Higgins v. Randall County Sheriff’s Office, 193 S.W.3d 898, 900 (Tex.
2006), we would still be compelled to deny relator any relief upon the merits of his petition. 
He asks that we order the trial court to rule on his motion which he alleges he filed on May
30, 2008.


 It is relator’s burden to establish that the district court 1) had a legal duty to
perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused
to do so. O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Therefore,
relator was required to show that the trial court received notice of his motion.


 Moreover,
even if the motion was brought to the attention of the district court, the court has a
reasonable time within which to act. In re Bates, 65 S.W.3d 133, 135 (Tex. App.–Amarillo
2001, orig. proceeding); Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–
San Antonio 1997, orig. proceeding). Whether that reasonable period has lapsed, is
dependent upon the circumstances of each case and must take into consideration the trial
court’s actual knowledge of the motion, its overt refusal to act on the same, the state of the
court’s docket, and the existence of other judicial and administrative matters which must
be addressed first. In re Bates, 65 S.W.3d at 135. Since the trial court has discretionary
power to control its own docket, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex. App.–
Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise of
that discretion without legitimate basis, and the party requesting mandamus relief has the
burden to provide us with a sufficient record to establish his right to the same.


 Because
we do not hold that the district court’s failure to act within two months upon a motion per
se constitutes an unreasonable delay, relator failed to satisfy his burden. 
          Accordingly, the petition for writ of mandamus is denied.
 
                                                                           Brian Quinn 
                                                                          Chief Justice



ist Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0235-CR

NO. 07-10-0236-CR

NO. 07-10-0237-CR

NO. 07-10-0238-CR

NO. 07-10-0239-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 24, 2011

 

______________________________

 

 

JOE MARVIN SLUTZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E &
58,575-E;

 

HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

In 2008, Appellant, Joe Marvin Slutz,
was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a
childBtwenty years
confinement; (2) cause number 58,572-E, Count IBaggravated sexual
assault of a childBconfinement for life; Count IIBaggravated sexual
assault of a childBconfinement for life; (3) cause number
58,573-E, aggravated sexual assault of a childBconfinement for
life; (4) cause number 58,574-E, aggravated sexual assault of a childBconfinement for
life; and (5) cause number 58,575-E, aggravated sexual assault of a childBconfinement for
life.  His convictions were affirmed by
this Court.  See Slutz v. State, Nos. 07-08-00434-CR,
07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App.
LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

            On March 12, 2010, Appellant filed,
in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64
of the Texas Code of Criminal Procedure. 
As required by article 64.02(a)(2)(B) of the Code, the State responded
to Appellant's motion by explaining that no evidence could be delivered for
testing because none had been collected.  In its brief, the State explained that during
Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not
collect any samples for testing because the last sexual assault had occurred
outside a ninety-six hour period.  No
hearing was held on Appellant's motion, and the trial court entered an order in
each cause denying the motion.[1]  Appellant now appeals the denial of his
request for DNA testing. 

            Relying on McKenzie v. State, 617 S.W.2d 211
(Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled
that where the state introduces an exculpatory statement or confession of a
defendant it is then bound to disprove it and failure to do so is grounds for
acquittal."  Id. at 217.  McKenzie has no application to this
appeal from the trial court's denial of a request for DNA testing.  Furthermore, Appellant does not brief nor
argue entitlement to appointed counsel or challenge the trial court's
rulings.  See Tex. R. App. P. 38.1(i).  Nevertheless, we will construe his brief as a
challenge to the denial of his motions for DNA testing.

            We review the trial
court's decision to deny DNA testing under the bifurcated standard announced in
Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  See Rivera
v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). 
Chapter 64 of the Texas Code of Criminal Procedure provides that a
convicting court may order forensic DNA testing only if it finds the evidence Astill exists and is in a condition
making DNA testing possible.@ 
Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp.
2010).  The burden is on the
convicted person to establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing, and the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice.  Art. 64.03(a)(2).  Simply stated, the convicted person must show
the existence of a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
439 (Tex.Crim.App. 2002). 

Additionally, the Court of Criminal Appeals has held that A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s determination of whether a
defendant is entitled to DNA testing.@  Rivera, 89 S.W.3d at 58-59.  Therefore,
the trial court, in deciding whether the evidence to be tested still exists,
may reach its decision based on the sufficiency of the State=s written explanation of its failure
to deliver the requested evidence.  See
Mearis v. State, 120 S.W.3d
20, 24 (Tex.App.BSan Antonio 2003,
pet. ref=d).

In the present case, the State explained there was no
biological material to test.  Based on
the sufficiency of the State's reason, the trial court concluded that Appellant
was not entitled to DNA testing.  Consequently,
Appellant did not demonstrate entitlement to appointed counsel or to DNA
testing.[2]  We hold the trial court did not err in
denying Appellant's request for DNA testing in each cause.  Appellant=s sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

 

 

                                                                        Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Although
the trial court's order is entitled "Order Denying Defendant's Motion for
DNA Testing and Appointment of Counsel," nowhere in his motions does
Appellant request appointment of counsel. 
Nevertheless, in the notices of appeal filed in cause numbers
07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did
not appoint counsel to represent him in pursuing DNA testing. Entitlement to
appointed counsel to pursue DNA testing is not absolute.  The convicted person must meet three
criteria:  (1) inform the trial court
that he wants to submit a motion for the appointment of counsel; (2) the trial
court must find that "reasonable grounds" exist for the filing of the
motion; and (3) the trial court must find that the convicted person is
indigent.  Gutierrez v. State, 307 S.W.3d 318, 321
(Tex.Crim.App. 2010).

 





[2]On
January 25, 2011, Appellant filed an untimely Reply Brief.  He complains that his conviction was based on
extraneous offense evidence.  This issue
was addressed and resolved against Appellant in his direct appeals.  See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR,
07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326
(Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).  His other complaints relate to alleged
biological material.  As the State
explained, no biological material was collected; thus, there is nothing to test.  We overrule the arguments raised in
Appellant's Reply Brief.