Petition for Writ of Mandamus Denied and
Memorandum Opinion filed March 16, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00130-CR



In Re Marshall A. Washington,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

February 10, 2010, relator, Marshall A. Washington,
filed a petition for writ of mandamus in this Court.  See Tex. Gov’t
Code Ann. § 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, relator asks this Court to compel the Honorable Joan Campbell,
presiding judge of the 248th District Court of Harris County, to rule on his
motion for nunc pro tunc order to correct a clerical error in a pre-sentence
investigation report.  

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d
207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a motion
that is properly filed and before the court is a ministerial act.  State ex
rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  The trial court has a reasonable time in which to perform its
ministerial duty.  Ex parte Bates, 65 S.W.3d 133, 135 (Tex.
App.—Amarillo 2001, orig. proceeding).  

On June 15, 2009, relator filed a letter in the trial
court, claiming that the pre-sentence investigation report contained a factual
error, and stating that “Your help in this matter will be deeply appreciated.” 
On August 10, 2009, relator filed his motion for nunc pro tunc order in the
trial court.  Relator argues that the June 15, 2009 letter to the trial court
demonstrates that it received, was aware of, and was asked to rule on the
motion.  However, relator could not have brought his motion for nunc pro tunc
order to the trial court’s attention by this letter, which does not reference
the motion, because relator filed the letter  nearly two months before he filed
his motion.  Therefore, relator has not shown that the trial court received,
was aware of, and was asked to rule on his motion for nunc pro tunc order.  

Absent a showing that he has made the trial court
aware of his motion and asked for a ruling on that motion, relator has not
established his entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny relator’s petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).