NO. 07-10-00079-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 23, 2010

_____

IN RE JOHNNY HINOJOS LUNA, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator, Johnny Hinojos Luna, has filed a petition for writ of mandamus requesting this Court to issue a writ of mandamus ordering respondent, the Honorable Ana Estevez, to vacate a judgment entered in cause number 33548-C. We deny the petition.

Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Rule 52.3(k)(1)(A) provides that the appendix to a petition for writ of mandamus must contain a certified or sworn copy of any order complained of or any other document showing the matter complained of. Luna has appended only an unsworn and non-certified copy of the judgment entered against him in cause number 33548-C. Luna has not appended a copy of any order denying his motion to set aside and vacate the judgment in cause number 33548-C. As Luna's

request for mandamus relief relates to the denial of Luna's motion, rather than the underlying judgment, he has failed to comply with the requirements of Rule 52.3.

However, Luna's petition is inconsistent. In the first paragraph, he complains that Judge Estevez refuses to rule on his motion. However, his statement of facts indicates that Judge Estevez "promptly denied" the motion. To the extent that Luna's petition is premised on the trial court's refusal to rule on his motion, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding). Whether the trial court has failed to act within a reasonable time is dependent upon the circumstances of the case. Id. To establish entitlement to mandamus relief, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, relator made demand for performance, and the court refused to perform. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Luna has failed to show that he made an appropriate demand for performance and, consequently, cannot show that the trial court refused to perform. A court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).

Further, while a trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, the court is afforded a reasonable time in which to perform its ministerial duty. Safety-Kleen Corp., 945 S.W.2d at 269. Whether a reasonable time has lapsed depends on the facts of each case. Barnes, 832 S.W.2d at 426. Factors relevant in determining whether a reasonable time has lapsed include whether the trial court had actual knowledge of the motion, its overt refusal to act, the

state of its docket, and other judicial and administrative duties which must be addressed first. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.--Amarillo 2003, orig. proceeding). As addressed above, nothing in the record before us establishes that Luna's motion was ever brought to the attention of the trial court. Further, no overt refusal to act is shown, no evidence of the state of the trial court's docket is provided, and there is no evidence of whether the trial court must afford other judicial or administrative duties priority. It is the burden of the party requesting relief to provide a record sufficient to establish his entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Bates, 65 S.W.3d 133, 135 (Tex.App.--Amarillo 2001, orig. proceeding).

While the above is sufficient to justify denial of Luna's petition, in the interest of judicial economy, we will briefly address certain aspects of Luna's petition. Luna contends that, in 1995, the punishment he received in cause number 33548-C was void because it was entered without Luna expressly waiving his right to have punishment assessed by a jury. Generally, the judge is responsible for assessing punishment after a finding of guilty is returned unless either the defendant has filed a sworn motion for community supervision before the trial began in a case in which community supervision may be recommended or the defendant has made a written election to have the jury assess punishment before commencement of voir dire of the jury panel. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon Supp. 2009). Luna has failed to provide any evidence that either of these exceptions applied to his case. Further, the judgment provides that Luna waived his right to a jury in cause number 33548-C and that the

3

sentence was the result of a plea bargain agreement that was accepted by the trial court.

Further, mandamus is an extraordinary remedy that is unavailable when adequate remedies are available at law. <u>Walker</u>, 827 S.W.2d at 839. Luna has wholly failed to identify why this issue was not raised during his direct appeal of this action or how it was not capable of being presented at that time. Since it appears that Luna could have obtained redress by way of ordinary appeal, as a result, he has failed to establish his entitlement to mandamus relief.

For the foregoing reasons, Luna's petition for writ of mandamus is denied.


Mackey K. Hancock
Justice

4