Petition for Writ of Mandamus Denied and
Memorandum Opinion filed June 25, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00534-CR



In Re James Calberg,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On June 16, 2010, relator, James Calberg, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the presiding judge of the 338th District
Court of Harris County to rule on his motion for exculpatory evidence.  

            Relator
states that he filed a motion for exculpatory evidence on December 8, 2009. 
However, that motion had the wrong cause number.  Relator filed another motion
for exculpatory evidence on March 18, 2010.  Relator complains that it has now
been over six months since he “initiated” his motion for exculpatory evidence
with no action by the trial court on the motion.  

            To
be entitled to mandamus relief, a relator must show that he has no adequate remedy
at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, was aware of, and asked to rule on the motion.  In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Filing
something with the district clerk’s office does not mean the trial court is
aware of it; nor is the clerk’s knowledge imputed to the trial court.  Id.
at n.2.  The trial court has a reasonable time in which to rule on a pending
motion.  Ex parte Bates, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001,
orig. proceeding).  

Relator has not provided a sufficient record in this
original proceeding.  Relator has not provided a file-stamped copy of his
motion for exculpatory evidence demonstrating that this motion is actually
pending in the trial court.  Relator also has not shown that the trial court
received, was aware of, and was asked to rule on his motion for exculpatory
evidence.  Finally, relator has not shown that a reasonable time has lapsed
since he filed the motion with the correct cause number.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Boyce.

Do Not Publish—Tex. R. App. P. 47.2(b).