NO. 07-10-0342-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

SEPTEMBER 1, 2010

______________________________

 

 

In re
CRAIG E. MENDENHALL,

 

                                                            Relator

_______________________________

 

Original Proceeding

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition of Craig
E. Mendenhall for a writ of mandamus. He requests that we order the trial court
to rule on his “Motion for Final Summary Judgment.”   We
deny the petition.

First, rules of procedure obligate one
seeking mandamus relief to accompany his petition with an appendix.  Tex. R. App. P. 52.3(j).  The latter must include, among other things,
a certified or sworn copy of the document showing the matter complained of. This the relator failed to do. Here,
the document showing the matter complained of would be the motion for final
summary judgment. It did not accompany, either 
separately or within an appendix, the petition for mandamus relief.  And, that Mendenhall may be acting pro se does not relieve him of complying
with the rules of procedure. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998,
pet. denied).








             Next, it is the relator’s
burden to establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or
refused to do so.  O’Connor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig.
proceeding).  Therefore, relator was required to show that the trial court received
notice of his motion.[1]  Moreover, even if the motion was brought to
the attention of the district court, the court has a reasonable time within
which to act.  In re Bates, 65
S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding); Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding).  Whether that reasonable
period has lapsed is dependent upon the circumstances of each case and we must
take into consideration the trial court’s actual knowledge of the motion, its
overt refusal to act on the same, the state of the court’s docket, and the
existence of other judicial and administrative matters which must be addressed
first.  In re Bates,
65 S.W.3d at 135.  Since the
trial court has discretionary power to control its own docket, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex.
App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering
with its exercise of that discretion without legitimate basis, and the party
requesting mandamus relief has the burden to provide us with a sufficient
record to establish his right to the same. 
Relator has failed to satisfy his burden.  

            

 

Accordingly, the petition for writ of
mandamus is denied.

 

                                                                                    Brian
Quinn 

                                                                                   Chief Justice

 











[1]Filing something with the district
clerk does not mean the trial court is aware of it and the clerk’s knowledge is
not imputed to the trial court.  In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo
2001, orig. proceeding).