NO. 07-10-0342-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 1, 2010
_____

In re CRAIG E. MENDENHALL,

Relator
_____

***Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition of Craig E. Mendenhall for a writ of mandamus. He requests that we order the trial court to rule on his "Motion for Final Summary Judgment." We deny the petition.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. This the relator failed to do. Here, the document showing the matter complained of would be the motion for final summary judgment. It did not accompany, either separately or within an appendix, the petition for mandamus relief. And, that Mendenhall may be acting *pro se* does not relieve him of complying with the rules of

procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Next, it is the relator's burden to establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Therefore, relator was required to show that the trial court received notice of his motion.[1] Moreover, even if the motion was brought to the attention of the district court, the court has a reasonable time within which to act. *In re Bates,* 65 S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding); *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding). Whether that reasonable period has lapsed is dependent upon the circumstances of each case and we must take into consideration the trial court's actual knowledge of the motion, its overt refusal to act on the same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *In re Bates,* 65 S.W.3d at 135. Since the trial court has discretionary power to control its own docket, *Hoggett v. Brown,* 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise of that discretion without legitimate basis, and the party requesting mandamus relief has the burden to provide us with a sufficient record to establish his right to the same. Relator has failed to satisfy his burden.

---

[1]Filing something with the district clerk does not mean the trial court is aware of it and the clerk's knowledge is not imputed to the trial court. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice