**DENY; and Opinion Filed June 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00762-CV

### IN RE GERARDO NAJERA, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F93-42373-V**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator files this petition for writ of mandamus seeking an order compelling the trial court to rule on his motion to compel the court reporter to provide him with the price for the purchase of his transcript from his November 1997 criminal trial in the 292nd District Court. The facts and issues are well known to the parties, so we do not recount them here. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez,* 62 S.W.3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

There is no bright line standard for determining whether a reasonable time to rule has elapsed. *In re Bates,* 65 S.W.3d 133, 133 (Tex. App.—Amarillo 2001, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes,* 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a

reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez,* 62 S.W.3d at 228. The trial court's inherent power to control its own docket must also be given due consideration, *Chavez,* 62 S.W.3d at 228. Thus, a reviewing appellate court may not arbitrarily interfere with the trial court's power to control its docket, but may only order the trial court to rule if the circumstances show that the trial court's failure to act is an abuse of its discretion. *See In re First Mercury Ins. Co.,* No. 13-13-00469-CV, 2013 WL 6056665, at *6 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (mem. op.); *Bates,* 65 S.W.3d at 135. We conclude relator has failed to establish that in the circumstances of this case the trial court's failure to rule on his motion is an abuse of discretion. Accordingly, we **DENY** relator's petition for writ of mandamus.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140762F.P05