**DENY; and Opinion Filed July 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00854-CV

### IN RE GARY EUGENE SIMS, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-00-45450-PS**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator filed this petition for writ of mandamus requesting that this Court compel the trial court to rule on his motions. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez,* 62 S.W.3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

There is no bright line standard for determining whether a reasonable time to rule has elapsed. *In re Bates,* 65 S.W.3d 133, 133 (Amarillo 2001, orig. proceeding). The circumstances of the case dictate whether the trial court has ruled within a reasonable time. *Barnes,* 832 S.W.2d at 426. Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Chavez,* 62 S.W.3d at 228. The trial court's inherent

power to control its own docket must also be given due consideration. *Chavez*, 62 S.W.3d at 228. Thus, a reviewing appellate court may not arbitrarily interfere with the trial court's power to control its docket, but may only order the trial court to rule if the circumstances show that the trial court's failure to act is an abuse of its discretion. *See In re First Mercury Ins. Co., No. 13-13-00469-CV,* 2013 WL 6056665, at \*6 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding); *Ex parte Bates,* 65 S.W.3d at 135. The facts established in this case do not rise to that level. Accordingly, we **DENY** the petition.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140854F.P05