

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00058-CV

IN RE RICHARD JAMES JOHNSON, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

March 5, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Richard James Johnson, has filed a petition for writ of mandamus wherein he seeks a writ directing the Honorable Don R. Emerson, 320th Judicial District, Potter County, to rule upon his motion. The motion in question purports to be one soliciting a trial date. We deny the petition.

### *Background*

Johnson filed suit against Michael Venable, which suit was assigned cause number 101,022-D. It was dismissed by the trial court, and Johnson appealed. Thereafter, we reversed the order of dismissal and remanded the cause on December 12, 2014. According to Johnson's mandamus petition, he filed the aforesaid motion

asking the trial court to set the matter for trial. The motion was filed on December 16, 2014. Allegedly, the trial court has yet to act on the motion and assign a trial date.[1]

### Law and Analysis

First, nothing of record indicates that the motion purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Johnson to illustrate that the district court received and was aware of his motion. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. And, filing something with the district clerk does not alone establish that the trial court knew of it; nor is the clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d at 228. Thus, Johnson must prove that the trial court received notice of the pleading. *Id.*

Here, the record simply indicates that Johnson "sent a Motion requesting that [the] trial court set [a] date for trial or evidentiary hearing." Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Johnson has not fulfilled his burden to illustrate that the trial court refused to act.

Next, a district court has a duty to consider and act upon motions of which it knows. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig.

---

[1] Johnson failed to provide us a copy of the motion but states in his petition that he is unable to obtain a copy due to lack of funds.

proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). This is so because the task of considering it is ministerial. *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d at 269-70. However, the court has a reasonable time within which to act. *In re Bates,* 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since the latter power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis.

Since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Johnson had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that. Instead, the petition merely illustrates that Johnson "sent" his motion on December 16, 2014. And, because we do

not hold that the district court's failure to act upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Johnson again has not satisfied his burden of proof.

For the foregoing reasons, Johnson's petition for writ of mandamus is denied.

Per Curiam