

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00376-CR

## IN RE CHARLES RAINES

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Charles Raines, a jail inmate, seeks a mandamus to compel the trial court to rule on Raines's application for writ of habeas corpus. There are numerous procedural problems with the petition, such as no service on the trial court judge as the respondent and the State as the real-party-in-interest, no certification, no appendix, and no record as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5; 52.3(j), (k); 52.7. However, we use Rule 2 to dispense with these requirements and proceed to a timely disposition of the petition. TEX. R. APP. P. 2.

Raines contends he filed an application for writ of habeas corpus under article 11.08 of the Texas Code of Criminal Procedure on October 3, 2019, and the trial court has ignored him. He has provided no record to support this contention.

The need to consider and rule on a properly filed and presented request for relief is not a discretionary act but a ministerial one, and a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). The duty to act, however, generally does not arise until the movant has brought the request for relief to the trial judge's attention; and mandamus will not lie unless the movant makes such a showing, and the trial judge then fails or refuses to rule within a reasonable time. *See id.* at 228. Whether a reasonable time has lapsed is dependent upon the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Raines bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

As of the date this petition was filed, and assuming Raines filed his application on the date alleged, Raines's application had been pending with the trial court for 21 days. While some pleadings necessitate expedited dispositions, Raines has not explained why the trial court not ruling on his article 11.08 application for writ of habeas corpus is an abuse of discretion under the facts of his case. In point of fact, Raines has not provided any explanation of what the facts of his application for writ of habeas corpus are such that an expedited disposition is necessary. Thus, Raines has not carried his burden to show that the trial court has had a reasonable time within which to rule on Raines's application.

Accordingly, Raines's petition for writ of mandamus is denied without prejudice to Raines filing a new petition for writ of mandamus if: 1) the trial court does not rule on

Raines's application for writ of habeas corpus after a reasonable time; 2) Raines has served his new mandamus petition on all the parties as required, and 3) Raines has provided a record showing his entitlement to relief as required.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Petition denied
Opinion delivered and filed October 30, 2019
Do not publish
[OT06]

